**Donald L. KING, Respondent,**

v.

**CITY OF CLINTON, Missouri, and Employers Mutual Casualty Company, Appellants.**

**No. 23277.**

Kansas City Court of Appeals.

Missouri.

Feb. 6, 1961.

W. K. Gibson, Martin, Gibson & Gardner, Sedalia, for appellants.

Delton L. Houtchens, Clinton, for respondent.

CROSS, Judge.

The subject of this appeal is a Workmen's Compensation case arising on the claim of respondent, Donald L. King, a police officer in the employ of appellant City of Clinton, Missouri. The employee was injured when his revolver accidentally discharged and wounded him in the leg. On certiorari, the circuit court affirmed a final order of the Industrial Commission awarding benefits to claimant. The city and its insurer have appealed.

■ Only one issue is before us. Appellants contend that the evidence is not supportive of the Commission's finding, affirmed below, that the injury arose out of and in the course of the employment. Our duty is to determine whether the finding was based on competent and substantial evidence.

Appellant and respondent are in agreement on the facts. From the evidence, we learn that on and prior to April 2, 1959, the date of the accident, respondent was employed by the city as a police officer, under the supervision, control and direction of Stanley Malone, Chief of Police. He was on duty twenty-four hours a day, working nine hours in active duty and subject to call the balance of the time. His duties were general police work, including patroling in police cars, and working accidents. He was held subject to call twenty-four hours a day because various emergencies arise and off duty officers are needed. The city furnished policemen their uniforms, belt, holster and ammunition, but

provided no place for police to dress. They were required to put on their uniforms at home, and to report for duty in uniform.

It was required by the city and directed by its police chief that all police officers have a gun immediately accessible to them when they are at home or in the car. The gun must be carried in the holster when the officers are in uniform. They are directed to carry their gun or have it with them, immediately accessible, twenty-four hours a day. Any officer disobeying those orders would be placed on suspension or report. When the officer is in uniform he is on duty.

On the day of the accidental shooting, King's hours of active duty were from 7 P.M. to 4 A.M. Some time before 6:45 P.M., he had put on his uniform and gun. Between 6:45 P.M. and 6:50 P.M., he kissed his wife goodbye, and walked out on the back porch of his home to get his own car and report to work at 7 P.M. While on the porch, he turned to tell his wife something and tripped on a board or it gave way, or broke "or something". In the process of falling, he grabbed at his gun, which fired and shot him in the right leg.

■ Has respondent sustained his burden of proof to establish (1) that his injury arose in the course of his employment, and (2) that it arose out of his employment? If so, the injury is compensable and the award should be affirmed. This question must be determined on its own particular facts and circumstances and not by reference to some formula, since no all-embracing definition of the phrase "arising out of and in the course of his employment" has yet been established. Goetz v. J. D. Carson Co., 357 Mo. 125, 206 S.W.2d 530. We are, however, guided by certain basic principles in applying the facts of each case to the statutory phrase.

■ As first announced in Wahlig v. Krenning-Schlapp Grocer Co., 325 Mo. 677, 29 S.W.2d 128, 130, the first case to interpret the Workmen's Compensation Act,

section 287.010 et seq. R.S.Mo 1949, V.A. M.S., and as since restated many times, an accident, resulting in injury to an employee, arises "in the course of his employment" when it occurs within the period of his employment, at a place where he may reasonably be, and while he is reasonably fulfilling the duties of his employment or engaged in doing something incidental thereto. We shall apply the rule to the facts here.

Did the accident occur within the period of his employment? This question is not raised. It is not disputed that respondent was an employee at the time.

Did it occur at a place where respondent might reasonably have been? It is sufficient to say that his duties made it not only reasonable, but necessary, for him to be where it occurred—at his home. He was *required* to wear a uniform but was furnished no place to change clothing. He was instructed to put on his uniform at home before reporting for his duty. Where else might the man be expected to dress? And, as for the specific spot where the mischance occurred—the back porch—certainly it was reasonable that he use that useful adjunct of his home in going to his car.

Is the remaining condition of the rule satisfied, in that the accident occurred "while reasonably fulfilling the duties of his employment or engaged in doing something incidental thereto"? The answer to this question amounts to a decision of the appeal. At the very instant of the accident, respondent was actively performing a duty of his employment. He was doing an act in response to a positive command of his employer, disobedience of which would invoke the penalty of report or suspension.

Wearing the gun in his holster amounted to more than doing something "incidental" to respondent's duties. It was one of the specific, enumerated acts he was commanded to do. He was in uniform, about to report for his "active" tour of the day's duty. It was the rule that when the uni-

form was worn the gun must also be worn. That rule was made by the city—for the city's benefit. Its purpose was to provide a constantly armed, potent police force.

The police chief testified that when a police officer was in uniform he was on duty. This testimony is not disputed by appellants. The fact that an officer in uniform is considered on active duty (as distinguished from twenty-four hour call) accounts for the necessity that he be armed, and justifies the rule that so requires. We think respondent was clearly engaged in the duties of his employment when accidently injured.

■■ We now attend the second phase of respondent's burden of evidence—to establish that the accident arose out of his employment. Again we are directed by an established rule (not a formula) stated in Toole v. Bechtel Corporation, Mo.Sup., 291 S.W.2d 874, 880, in this form: "An injury arises 'out of' the employment when there is a direct causal connection between the injury and the employment; and, even though the precise injury need not have been anticipated, it must have been a rational consequence of some hazard connected with the employment". And, as recently stated in Heaton v. Ferrell, Mo. App., 325 S.W.2d 800, 804: "However, it may be helpful in consideration of the instant case to bear in mind that, before an injury may be said to arise out of the employment, it must have been a rational consequence of some hazard connected with the employment; that, generally speaking, the scope of the contract of employment furnishes the determinative test as to whether or not the accident is compensable as 'arising out of and in the course of * * * employment'; and, that cases involving construction and application of the quoted phrase usually have turned upon the point whether, under the particular circumstances of each such case, the injury arose from somethng which had become an incident to the employment".

As before, this issue must be decided upon the facts of this case. No formula is applicable. Under the evidence we can come to no conclusion except that the respondent's accident arose "out of his employment". The wound received as the effect of the accident certainly was a rational consequence of a "hazard connected with the employment". The injury was a gun shot wound. The hazard was a gun that would inflict the wound. The gun was carried on respondent's person as an act of duty required by his employer. The injury was a direct incident to the employment. If it did not arise out of the employment, from what source did it arise?

Appellants urge our consideration of several "going to and from work" cases. The general rule on which those cases are based has no application to the issues here. Respondent was actually engaged in performing the duties of his employment. Notwithstanding the fact that the accident occurred on the premises of respondent's home, the injury is compensable. The statute has been construed to extend protection to all employees while in or about *any premises* where they may be engaged in the performance of their duties. Wahlig v. Krenning-Schlapp Grocer Co., supra.

A Tennessee case, Mayor and Aldermen of Town of Tullahoma v. Ward, 173 Tenn. 91, 114 S.W.2d 804, is strikingly similar to this case, in some aspects. A police officer employed by the city worked from noon until midnight, and rested from midnight until noon, but was "on call" at all times. One night, after 12 o'clock, he was proceeding home and while walking down a street was struck by an automobile. He was in uniform and had his pistol in a holster. He was severely bruised, developed serious internal complications, was operated on, and later died. An award of Workmen's Compensation death benefits was affirmed by the supreme court. It was claimed that when the automobile struck deceased, it made severe impact on the pistol, driving it against deceased's body, causing a tumor

from which he died. The court held that the accident arose out of and in the course of the employment, and that the carrying of the pistol was the direct cause of his serious injury, in this language: "It thus appears that his carrying of this weapon, which his duty required, was the direct cause of his injury; that the instrumentality which proximately produced the injury was one which he was required to use in performing his duty. If this gun had been exploded by his fall and wounded him fatally, could it be contended that his injury did not arise out of his employment?"

Respondent urges that the nature of his twenty-four hour on call duty supports the finding that the injury arose in the course of and out of his employment. It is not necessary to decide that question.

The evidence fully supports the finding of the Commission.

Judgment affirmed. All concur.