Randy BROWN, Appellant,

v.

SUNSHINE CHEVROLET GEO, INC., Respondent.

No. 23526.

Missouri Court of Appeals, Southern District, Division Two.

Oct. 10, 2000.

Randy J. Reichard, Lowther, Johnson, Joyner, Lowther, Cully & Housley, L.L.C., Springfield, for appellant.

Bart E. Eisfelder, Foland & Wickens, P.C., Kansas City, for respondent.

CROW, Judge.

Randy Brown ("Claimant") appeals from an order of the Labor and Industrial Relations Commission ("Commission") affirming an order of a Legal Advisor ("LA") of the Division of Workers' Compensation ("Division") dismissing a claim by Claimant under The Workers' Compensation Law, chapter 287, RSMo 1994, as amended.

Discussion of Claimant's five assignments of error requires a chronology of some—but by no means all—of the events documented in the record.

October 6, 1997. Claimant is allegedly injured by accident arising out of and in the course of his employment by Respondent.

January 31, 1998. Claimant signs a claim for compensation. The claim is filed with the Division.[1]

June 8, 1998. By facsimile transmission, lawyer Greggory D. Groves ("Groves") sends the Division a letter and an "Entry of Appearance" stating he represents Claimant.[2] Both documents show Groves's address as: 901 St. Louis Street, 20th Floor, Springfield, Missouri 65806. That address is henceforth referred to as the "St. Louis Street address."

June 9, 1998. An Administrative Law Judge ("ALJ") of the Division makes a handwritten entry on the Division's "Activity Minute Sheet" stating, *inter alia*,

---

1. This court cannot ascertain the filing date from the record. Claimant's brief, citing nowhere in the record, says the claim was filed February 6, 1998. The filing date is immaterial to any issue in this appeal.

2. Claimant was represented by another lawyer when the claim for compensation was filed. That lawyer evidently indicated he was no longer going to represent Claimant.

"Greg Groves is entering his appearance for [employee]."

April 19, 1999. The Division issues a "Notice To Show Cause Why Claim Should Not Be Dismissed." The notice declarès the claim will be dismissed for failure to prosecute unless good cause is shown otherwise at a hearing May 14, 1999, at the Division's office in Branson.[3] The face of the notice shows a copy is being mailed to Groves at the following address: 300 Hammons Pkwy # 80, Springfield, MO 65806–2545. That address is henceforth referred to as the "Hammons Parkway address." The face of the notice shows a copy is also being mailed to Claimant at the following address: 112 Sabin Ave[.,] Forsythe [sic], MO 65653.[4] That address is henceforth referred to as the "Forsyth address."

June 14, 1999. An LA of the Division signs an "Order of Dismissal" declaring the claim is "dismissed for failure to prosecute." A copy of the order is mailed to Groves at the St. Louis Street address.

July 6, 1999. Groves, on Claimant's behalf, mails an "Application for Review" to the Commission. That document alleges the dismissal of June 14, 1999, was erroneous for the following reason: "Proper parties and their counsel did not receive notice of dismissal pursuant to Section 287.520 and 287.655 RSMo., and Rule 8 CSR 50–2.010."

August 16, 1999. The Commission issues an order stating the claim was dismissed for failure to prosecute because Claimant and his lawyer "failed to appear at [a] hearing scheduled for May 14, 1999." The order continues:

"Employee, by his attorney, alleges facts which if true, may constitute good cause for the failure to file his Application for Review in a timely manner. Employee alleges that he did not receive a copy of the Order of Dismissal. Employee does not allege that he did not receive notice

of the scheduled setting nor why he did not appear at the hearing. A review of the file indicates that the Notice to Show Cause Why Claim Should Not Be Dismissed was sent to employee's attorney at a different address that [sic] the address which appears on his Application for Review. . . .

The Commission remands this matter to the Division . . . with instructions to schedule this matter for hearing and fully develop the facts surrounding 1.) the employee's and his attorney's failure to appear at the hearing, including whether employee and his attorney received notice of the hearing; 2.) whether and when employee and his attorney received the Order of Dismissal; and, 3.) what steps employee has taken to prosecute his claim. The Division is then instructed to forward the transcript of this hearing to the Commission for a determination. . . ."

September 24, 1999. An ALJ of the Division conducts a hearing in obedience to the Commission's order of August 16, 1999. Groves is present. So is Respondent's lawyer. Claimant does not attend. Groves testifies his office has been at the St. Louis Street address since February 1995. Before that, his office was at 300 Hammons Parkway, Springfield, Missouri, but the room number was 800, not 80. Groves also testifies he did not receive the notice of April 19, 1999 (the one the Division mailed to the Hammons Parkway address), hence he was unaware of the May 14, 1999, hearing and did not attend it. Additionally, Groves testifies Claimant moved from the Forsyth address in July 1998 and began residing with a brother in Kansas City. Groves concedes he received the Order of Dismissal signed by the LA June 14, 1999. Groves presents a "receipt for certified mail" confirming he mailed

---

**3.** The claim for compensation showed the injury occurred at Respondent's premises in Branson West.

**4.** The claim for compensation showed Claimant's address as 112 Sabin Avenue, Forsyth, MO 65653.

the Application for Review to the Commission July 6, 1999.

February 1, 2000. The Commission issues an order affirming the LA's June 14, 1999, Order of Dismissal. The Commission's order declares the LA's order "is supported by competent and substantial evidence and ... is attached and incorporated by this reference."

Claimant brings this appeal from the February 1, 2000, order.

This court first addresses Claimant's second point. It avers the Commission erred in affirming the LA's Order of Dismissal because the LA "was without the jurisdictional authority" to dismiss the claim. According to Claimant, only an ALJ is empowered to dismiss a claim; consequently, the Commission "acted without or in excess of its powers" in affirming the dismissal.

■ The Application for Review filed with the Commission by Groves on Claimant's behalf did not aver the LA lacked authority to dismiss the claim.[5] The sole basis on which the Application for Review attacked the LA's dismissal was that Claimant and Groves "did not receive notice of dismissal."

■ Issues not raised before the Commission cannot be raised on appeal to this court. *Erickson v. Aaron's Automotive Products, Inc.,* 967 S.W.2d 661, 664[5] (Mo. App. S.D.1998); *Duncan v. Springfield R–12 School District,* 897 S.W.2d 108, 115 (Mo.App. S.D.1995). Accordingly, Claimant's second point is ineligible for appellate review.

This court next addresses Claimant's fourth point. It maintains the Commission erred in affirming the LA's Order of Dismissal in that the LA dismissed the claim "for failure to prosecute" when "there was not sufficient competent evidence in the

record to warrant a dismissal for failure to prosecute."

■ The fourth point, like the second, presents an issue not raised in Claimant's Application for Review. However, the third subject listed in the Commission's order of August 16, 1999 (commanding the Division to conduct the evidentiary hearing) was "what steps employee has taken to prosecute his claim." It thus appears the Commission, *sua sponte,* raised the issue of whether Claimant and Groves, despite missing the hearing scheduled for May 14, 1999, had otherwise done enough in pursuing the claim to avoid dismissal for failure to prosecute.

At the evidentiary hearing, Groves testified he began attempting to get Claimant's medical records, that Claimant is seeing a doctor near his current residence, and "we're currently getting him reevaluated." Respondent's lawyer did not object to that testimony as being beyond the scope of the Commission's order of August 16, 1999.

It is thus evident that even though the issue in Claimant's fourth point was not raised in the Application for Review, the Commission chose to consider the issue in determining whether to affirm the LA's Order of Dismissal. Therefore, the issue in Claimant's fourth point was before the Commission and is a live issue in this appeal. How that affects the outcome of this appeal is discussed *infra* when this court addresses Claimant's first point.

This court next considers Claimant's fifth point. It raises the possibility that the Commission, in entering its order of February 1, 2000 (affirming the LA's Order of Dismissal), based its decision on a belief that Claimant's Application for Review was untimely. Claimant insists any such belief by the Commission was wrong, as the Application for Review was filed within the twenty days allowed by § 287.480.1, RSMo Cum.Supp.1998.

---

**5.** Indeed, the Application for Review did not even plead the Order of Dismissal was issued by an LA. Instead, the Application for Review

alleged "the Administrative Law Judge's award was erroneous...."

884 ■ 

A close reading of the Commission's order of August 16, 1999, quoted in part earlier in this opinion, might lead one to infer that the Commission suspected Claimant's Application for Review was untimely. How that possibility affects the outcome of this appeal is discussed *infra* when this court addresses Claimant's first point.

This court next addresses Claimant's third point. It maintains the Commission "acted without or in excess of its powers" by affirming the LA's Order of Dismissal in that Claimant and Groves "did not receive proper notice that the Claim for Compensation could be dismissed."

It is clear from the argument following the point that the "notice" to which the point refers is the Notice To Show Cause Why Claim Should Not Be Dismissed issued by the Division April 19, 1999. As recounted earlier in this opinion, the face of the notice shows the Division mailed Groves's copy to the Hammons Parkway address and mailed Claimant's copy to the Forsyth address.

An attentive reader will have recognized an inconsistency between Claimant's third point and the Application for Review. The Application complained that Claimant and Groves "did not receive notice of dismissal." Yet, Groves admitted at the evidentiary hearing that he received the LA's Order of Dismissal. Groves testified at the evidentiary hearing that the document he failed to receive was the April 19, 1999, notice directing him and Claimant to show cause at the May 14, 1999, hearing why the claim should not be dismissed. Claimant's third point is based on the alleged failure to receive that document.

The parties' briefs discuss the notice requirements of §§ 287.520 and 287.655, RSMo 1994, and 8 CSR 50–2.010(12)(C). Claimant asserts the Division failed to comply with the notice requirements in regard to the April 19, 1999, notice. Respondent argues otherwise.

The second subject listed in the Commission's order of August 16, 1999 (commanding the Division to conduct the evidentiary hearing) was "the employee's and his attorney's failure to appear at the hearing [of May 14, 1999], including whether employee and his attorney received notice of the hearing." The ALJ heard evidence on that subject, but made no findings of fact, apparently because the Commission's order of August 16, 1999, imposed no such requirement.

The Commission's order of February 1, 2000 (affirming the LA's June 14, 1999, Order of Dismissal) likewise contains no findings as to whether Claimant or Groves received the April 19, 1999, notice. The LA's Order of Dismissal (incorporated by the Commission in its February 1, 2000, order) states only that the claim for compensation "is dismissed for failure to prosecute."

Consequently, the record contains no findings on the notice issue. How that affects the outcome of this appeal is explained below in this court's discussion of Claimant's first point.

■ The first point avers the Commission erred in affirming the LA's Order of Dismissal in that the Commission made no findings of fact or conclusions of law. Claimant cites § 286.090, RSMo Supp. 1995, which reads:

"In every appeal coming before the commission from any of the divisions of the department, the commission shall prepare and file a written statement giving the commission's findings of fact and conclusions of law on the matters in issue in such appeal together with the reasons for the commission's decision in the appeal; except that a decision of a division of the department meeting the requirements of this section may be affirmed or adopted without such written statement."

Respondent points out that the Commission can comply with § 286.090 without making findings of fact and conclusions of

law if the Commission adopts a decision of the Division which complies with the statute's requirements. Respondent is correct, but its argument is futile because the LA's Order of Dismissal, adopted by the Commission in its February 1, 2000, order, contains no findings of fact or conclusions of law on the matters in issue before the Commission, i.e., the issues in Claimant's third, fourth and fifth points.

As explained earlier, the Commission's order of August 16, 1999 (triggered by Claimant's Application for Review) listed the notice issue—Claimant's third point—as the first subject on which facts were to be developed. The August 16, 1999, order listed the failure to prosecute issue—Claimant's fourth point—as the third subject on which facts were to be developed. The August 16, 1999, order also indicated the timeliness of Claimant's Application for Review—Claimant's fifth point—was in question.

 In a workers' compensation case, the Commission is the fact-finding body; this court examines the evidence not to make findings for the Commission but to ascertain whether its findings are properly supported. *Parrott v. HQ, Inc.*, 907 S.W.2d 236, 244 (Mo.App. S.D.1995), citing *Michler v. Krey Packing Co.*, 363 Mo. 707, 253 S.W.2d 136, 142 (banc 1952). The findings should show whether the basis of the Commission's decision was an issue of fact or a question of law. *Parrott*, 907 S.W.2d at 244, citing *Michler*, 253 S.W.2d at 142.

Because the Commission's order of February 1, 2000, contains no findings of fact or conclusions of law and the LA's Order of Dismissal, adopted by the Commission, contains no findings of fact or conclusions of law, this court cannot ascertain why the Commission ruled adversely to Claimant on his Application for Review. As a result, this court cannot perform its duty of review under § 287.495, RSMo Cum.Supp. 1998.

Accordingly, the Commission's order of February 1, 2000, is reversed and this case is remanded to the Commission with a directive to make findings of fact and conclusions of law on the issues identified in Claimant's third, fourth and fifth points.

BARNEY, C.J., and GARRISON, J., concur.