**Brian L. SPIELER, Respondent,**

v.

**VILLAGE OF BEL–NOR, Appellant.**

**No. ED 79132.**

Missouri Court of Appeals,
Eastern District,
Division Five.

Oct. 9, 2001.

Motion for Rehearing and/or Transfer to Supreme Court Denied Nov. 28, 2001.

Application for Transfer Denied
Jan. 22, 2002.

Michael F. Banahan, Mary Anne Lindsey, Evans & Dixon, Attorneys, St. Louis, MO, for appellant.

James J. Sievers, Clayton, MO, for respondent.

CHARLES B. BLACKMAR, Senior Judge.

The claimant was a police officer of the Village of Bel–Nor in Saint Louis County. He was not scheduled for duty on the evening of December 18, 1998, or on the following day. He attended a Christmas party with a date, and then left in her car, which she drove. He was not in uniform but had his badge and gun with him. While the two were driving through Creve Coeur, approximately eight miles from Bel–Nor, they came upon the scene of a two-car accident and he asked her to pull over. He checked the passengers in the cars, found that there were possible injuries, and used his date's cellular phone to call 911 for medical and police assistance. While standing in the street at the scene he was struck by a passing car and severely injured.

The officer filed a claim for workers' compensation benefits. The Labor and Industrial Relations Commission, reversing the Administrative Law Judge, found that the accident arose out of and in the course of his employment and awarded benefits for permanent partial disability along with future medical expenses. On the employer's appeal, we affirm.

The employer, in a prolix, rambling and repetitive brief, argues that the accident did not arise out of and in the course of his employment because he was off duty at the time and owed no duties to his employer at the scene of the accident. He is characterized as a volunteer, or "good Samaritan," in a mission not related to his employment.

It is also argued that his assistance to the accident victims conferred no benefit on his employer.

The Village of Bel–Nor provides a Procedural Handbook for the guidance of police officers. This handbook enjoins officers to "Render aid to all persons who may require such aid, as may be consistent with his/her duties and responsibilities." An operational procedure provides further guidance, as follows:

100.1 Officers shall protect the peace, protect life and property, ....

100.6 Officers will maintain at all times a relationship with the public that gives reality to the historic tradition that the police are the public and the public are the police; that police being only members of the public who are paid to give full time attention to duties incumbent on every citizen, in the interest of community welfare and existence.

....

100.8 The Village of Bel Nor Police Department subscribes to and follows the Law Enforcement Code of Ethics:

'As a law enforcement officer, my fundamental duty is to serve mankind; to safeguard life and property; to protect the innocent against deception, the weak against oppression, and the peaceful against the violence of disorder....'

100.9 .... Members shall promote a positive public image on and off duty.

The appellant argues that the manual provisions just quoted apply only in the village the claimant served, and not to activities outside of its limits. They read the manual too narrowly. An officer reading these provisions would certainly think his superiors would expect him to stop at the scene of an accident, wherever occurring, to determine whether people at the scene needed immediate assistance, and to call for such assistance when necessary. Certainly the Village of Bel Nor and its police

department would be severely criticized if the claimant had not stopped and accident victims suffered because needed assistance was delayed, whether or not he was on duty, and whether or not he was within the limits of the municipality which employed him. The Commission properly found that the claimant's accident arose out of and in the course of his employment as a police officer of the Village of Bel–Nor.

■ Our conclusion, however, does not depend on the specific provisions of the Bel–Nor manual. It is supported by copious authority, specifically relating to police officers. *Eubank v. Sayad,* 669 S.W.2d 566, 568 (Mo.App.1984) is not a workers' compensation case, but its statement that "In a sense, a police officer is never off duty" accurately reflects the state of the law.

The case closest to this one is *Jordan v. St. Louis County Police Department,* 699 S.W.2d 124 (Mo.App.1984). There an off-duty police officer was in the checkout line at a supermarket in another jurisdiction when an armed robber appeared. The robber apparently saw the officer's badge as he opened his wallet and shot him twice, after which the wounded officer returned fire before collapsing and dying. The court held that his death arose out of and in the course of his employment. The appellant seeks to distinguish this case because of the recognized authority of police officers to protect against felonies, wherever they occur, but the interdiction of felonies does not fully define the duty of police officers in providing protection to members of the public who need assistance, wherever they find them. It is important, furthermore, to define in detail the authority of a police officer to make arrests outside of the jurisdiction of his employment, because the validity of arrests and searches is material in criminal

proceedings. There is less need for specification in regard to accidents. It is of interest that the police manual cautions officers against making arrests for minor offenses while off duty, but imposes no inhibition on furnishing assistance to accident victims.

Other cases are consistent. In *King v. City of Clinton*, 343 S.W.2d 185 (Mo.App. 1961), a police officer was wounded when he tripped as he was leaving his home to report for duty, resulting in the accidental discharge of the service revolver he was required to have access to at all times. The court held that the requirement that he carry the weapon distinguished the numerous cases holding that workers' compensation does not cover injuries sustained while going to and from work.

In *Mann v. City of Pacific*, 860 S.W.2d 12 (Mo.App.1993), a police captain who was on vacation volunteered his assistance to officers on duty because of the approach of a storm. He used his personal vehicle on a police mission and then was injured when he slipped and fell on the pavement at a service station where he had stopped to refuel his vehicle before returning to police headquarters. This court found a compensable injury even though the captain's services were purely voluntary.

The appellant cites *Kansas City Police Department v. Bradshaw*, 606 S.W.2d 227 (Mo.App.1980), in which compensation was denied to a police officer who was fatally injured in a fall from his personal motorcycle while on the way to work at a private job as a security guard, where he had been hired for off duty work with the permission of his police superiors. The court held that the injury did not arise out of or in the course of his police employment and that the fact that he was wearing his police uniform at the time was not significant. The case is clearly distinguishable by reason of the private mission and the absence of anything relating to police work at the time of the accident.

The cases just cited show that a discrete body of law has developed regarding workers' compensation for police officers. Discussion of cases relating to other occupations, then, would not be helpful at this point.

The appellant advances some wholly unmeritorious arguments in seeking to defeat recovery. The Commission found that the claimant had consumed "less than a six-pack of beer" at the party he attended. The appellant inappropriately refers to evidence showing that he may have drunk more beer than this. Counsel should know that we will not look behind the Commission's amply supported finding simply because the record may contain some contrary evidence. There is, furthermore, no indication in the record that the claimant's faculties were to any extent impaired when he tendered assistance at the accident scene. Nor is the appellant's criticism of the manner in which the claimant proceeded at the scene appropriate. His judgment in calling local authorities rather than trying to secure the scene himself, lacking normal equipment for this purpose, seems wholly reasonable. *Swillum v. Empire Gas Transport, Inc.*, 698 S.W.2d 921 (Mo.App.1985) demonstrates the patent lack of merit in the arguments just considered.

■ Also inappropriate at the appellate stage is the patent invitation to the court to substitute its judgment for that of the Commission as to the disability rating and the award of future medical expenses. These are factual matters clearly supported by the evidence. Each party had an expert medical witness, and their reports were received in evidence without oral testimony. The Commission did not wholly accept either report. It should be

clear that, under these circumstances, an appellate court is not going to reverse the Commission. Both doctors agreed, furthermore, that the claimant had problems with back pain because, after the accident, one leg was shorter than the other and recommended that he continue to use an orthotic lift in his left shoe. The reports indicate that the problem is ongoing and has not necessarily stabilized. There is no indication that these challenges to the details of the report would have any reasonable expectation of success on appeal. The raising of unmeritorious points not only imposes a burden on the courts, but diverts attention from the main issue.

The decision of the Labor and Industrial Relations Commission is affirmed.

JAMES R.DOWD, C.J., concurs.

PAUL SIMON, J., concurs.