Sharon K. MADER, Claimant–
Appellant,

v.

RAWLINGS SPORTING GOODS,
INC., Employer–Respondent,

and

Reliance Insurance Company, Insurer,

and

Treasurer of State of Missouri, as
Custodian of the Second Injury
Fund, Respondent.

No. 24576.

Missouri Court of Appeals,
Southern District,
Division Two.

April 30, 2002.

Edward A. Gilkerson, St. Louis, for appellant.

Raymond E. Whiteaker, Whiteaker & Wilson, PC, Springfield, for employer-respondent.

Jeremiah W. (Jay) Nixon, Atty. Gen., Cara Lee Harris, Asst. Atty. Gen., Jefferson City, for Second Injury Fund.

NANCY STEFFEN RAHMEYER, Judge.

Sharon Mader ("Appellant") appeals the dismissal of her worker's compensation claim for failure to prosecute. The Division of Workers' Compensation ("the division") dismissed Appellant's claim with prejudice, and this dismissal was affirmed by the Labor and Industrial Relations Commission ("the commission") by order dated October 15, 2001. Appellant's sole point on appeal alleges the commission erred in affirming the order of dismissal in that the commission made no findings of fact and conclusions of law. We agree and remand to the commission to make findings on the issues pertaining to the dismissal for failure to prosecute.

Appellant began proceedings for workers' compensation after a claimed injury that occurred on January 10, 1989. On August 31, 1995 the claim was dismissed after Appellant or her attorney failed to appear for an August 1995 hearing date, although the claim was reinstated. Between the filing of the case and its dismissal there were at least six hearings at which neither the Appellant nor her attorneys attended; there were over a dozen continuances filed on behalf of Appellant. On October 24, 2000, Appellant was sent a notice for hearing to show cause why her claim should not be dismissed for failure to prosecute set before Legal Advisor Zerrer to be heard on January 19, 2001. On October 26, 2000 the division sent by separate letters a notice of cancellation of the hearing before Legal Advisor Zerrer and a notice for hearing to show cause why Appellant's claim should not be dismissed for failure to prosecute before Legal Advisor Billings to be heard on January 19, 2001. All of the letters were sent to Appellant's same address and to her attorney. On January 29, 2001, the claim was dismissed. After Appellant filed an application for review, the commission remanded the matter to the division with instructions to schedule a hearing to develop the facts and forward the transcript to the commission for a determination.

A hearing was held on July 12, 2001. On October 15, 2001, the commission issued the order affirming the dismissal of the Administrative Law Judge. The order of the commission simply stated, "the Commission finds that the Orders of Dismissal of the legal advisor are supported by competent and substantial evidence and were made in accordance with the Missouri Workers' Compensation Act. Pursuant to § 286.090 RSMo, the commission affirms the orders of the legal advisor dated January 29, 2001. The orders of Legal Advisor David L. Zerrer, issued January 29, 2001 are attached and incorporated by this reference." The Order of Dismissal states, "[t]he above parties are hereby notified that the Claim for Compensation against the [Second Injury Fund] is dismissed for failure to prosecute."

When there is an appeal before the commission from the division § 286.090, RSMo 2000 requires the commission to "prepare and file a written statement giving the commission's findings of fact and conclusions of law on the matters in issue in such appeal together with the reasons for the commission's decision in the appeal. . . ." An exception allows the commission to affirm or adopt a decision by the division without making any findings and conclusions itself so long as the division's decision included such findings and conclusions. § 286.090. This requirement is a prerequisite for appellate review. *Brown v. Sunshine Chevrolet GEO, Inc.*, 27 S.W.3d 880, 885 (Mo.App. S.D.2000). A decision by the commission may be set

aside on appeal "only if there is no substantial and competent evidence to support it or if it is clearly contrary to the overwhelming weight of the evidence." *Dunn v. Hussman Corporation,* 892 S.W.2d 676, 680–81 (Mo.App. E.D.1994). Findings made based on interpretation of the law are reviewed without deference to the commission's decision. *Shelton v. Missouri Baptist Medical Center,* 42 S.W.3d 700, 701 (Mo.App. E.D.2001). Thus, the commission's findings and conclusions are essential to appellate review. *Parrott v. HQ, Inc.,* 907 S.W.2d 236, 244 (Mo.App. S.D.1995).

The commission's order contains no findings of fact or conclusions of law. It merely states that the division's dismissal is supported by competent and substantial evidence and was made in accordance with the Missouri Workers' Compensation Act. Even sparser still, the division's order dismissing the claim simply states that it is dismissed for failure to prosecute. This lack of findings and conclusions does not comply with § 286.090 and does not allow for meaningful review. In *Brown,* under almost identical allegations concerning whether claimant had received notice concerning the dismissal, this court reversed and remanded the case to the commission with a directive to make findings of fact and conclusions of law pursuant to § 286.090. *Brown,* 27 S.W.3d at 885. Reluctantly, we must do so again. Accordingly, the commission's order of October 15, 2001 is reversed and the case is remanded to the commission with directions to make findings of fact and conclusions of law on the issues pertaining to the dismissal for failure to prosecute.

PREWITT, J., and PARRISH, J., concur.