**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R.1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1541-15T4

MARIA M. FERREIRA,
Individually and as
Administratrix of the
ESTATE OF JOAO CARLOS
CHAGAS GOMES DA SILVA,
deceased,

    Plaintiff-Appellant,

v.

WALTER QUEZADA, GLADIS E.
QUEZADA, CITY OF NEWARK,
COUNTY OF ESSEX, STATE OF
NEW JERSEY, NEW JERSEY
DEPARTMENT OF TRANSPORTATION,
SCHOLASTIC CULINARY SERVICES,
LLC, ST. PHILIP'S ACADEMY,
and ESSEX PLAZA,

    Defendants,

and

PLANNED BUILDING SERVICES, LLC,

    Defendant-Respondent.

_____

Argued March 28, 2017 — Decided August 7, 2017

Before Judges Rothstadt and Sumners.

On appeal from the Superior Court of New
Jersey, Law Division, Essex County, Docket
No. L-8045-12.

Richard Del Vacchio argued the cause for
appellant (Del Vacchio O'Hara, PC,
attorneys; Mr. Del Vacchio, of counsel; Jill
Barna Roth, on the brief).

Michael J. McCaffrey argued the cause for
respondent (Purcell, Mulcahy, Hawkins,
Flanagan & Lawless, LLC, attorneys; Mr.
McCaffrey, on the brief).

PER CURIAM

While driving to work in a vehicle owned by his wife, defendant Walter Quezada tragically struck and killed a pedestrian, Jose Carlos Chagas Gomes De Silva. The decedent's mother, plaintiff Maria H. Ferreira, filed suit individually and as administratrix of her late son's estate, seeking damages from, among others, Quezada, his wife, defendant, Gladis E. Quezada, and Quezada's employer, defendant Planned Building Services (PBS).[1] In her complaint, plaintiff alleged that PBS was liable for Quezada's negligence under the doctrine of respondeat superior. PBS filed a motion for summary judgment seeking the dismissal of plaintiff's complaint. The Law Division granted the motion finding

---

[1] Plaintiff initially sued Quezada and others in 2012. Two years later, after deposing Quezada, she filed an amended complaint joining PBS. This appeal relates only to plaintiff's claim against PBS.

A-1541-15T4

that Quezada was not acting within the scope of his employment when the accident occurred.

Plaintiff appeals, arguing that the court erred by not recognizing that there remained genuine issues as to material facts, by failing to allow for additional discovery prior to deciding the motion, and by denying plaintiff's motion for reconsideration. For the reasons expressed herein, we affirm.

The facts set forth in the record, viewed in the light most favorable to plaintiff, see Angland v. Mountain Creek Resort, Inc., 213 N.J. 573, 577 (2013) (citing Brill v. Guardian Life Ins. Co., 142 N.J. 520, 523 (1995)), can be summarized as follows. The accident occurred on November 3, 2010, in the early morning, while Da Silva was crossing a street in Newark. Quezada struck Da Silva while he was on his way to work for PBS as a maintenance man at an apartment building.

The van driven by Quezada was owned by his wife and contained tools that Quezada owned personally, and some materials — such as paint buckets and knee protectors - owned by PBS, which he used at his job site. When not working, Quezada parked the van in the parking lot of his wife's current employer, where Quezada used to work as well. On the morning of the accident, Quezada's wife

dropped him off as she typically did each day so he could retrieve the van and drive it to work.[2]

Quezada was not paid for the time he spent commuting, nor was he reimbursed for mileage. PBS did not require him to maintain or use the van for work purposes, nor did they direct Quezada to take a specific route to work. PBS also did not specify the tools he should use on the jobsite, nor did they require him to carry any materials or tools from his home to the job site. In fact, PBS provided a safe and secure area at the work site for him to store his tools.

During the course of the ensuing litigation, on June 3, 2014, the court entered an order requiring fact depositions be completed by August 8, 2014, and setting a discovery end date of January 2, 2015. After the date set for completion of fact-depositions, but before the discovery end date, PBS filed a motion for summary judgment. The court denied the motion without prejudice on October 24, 2014, due to questions it had concerning Quezada's work hours and the tools and materials transported inside his van. The court concluded information about those items might establish an issue of fact as to whether Quezada was in the course of employment at

---

[2] According to Quezada, he and his wife left the van at this location for "economic reasons and . . . not for the benefit of [his] employer."

the time of the accident. PBS re-filed its summary judgment motion on November 5, 2014, and included certifications from Quezada and PBS' operations manager, Edmund Whisnant, addressing the court's questions.

On December 3, 2014, while PBS's second summary judgment motion was pending, it filed a motion to extend the discovery end date from January 2, 2015 to March 2, 2015, for the purpose of deposing Quezada and plaintiff's expert witnesses and to obtain additional documents. The court granted that motion on December 19, 2014.

Plaintiff filed a motion on December 4, 2014, seeking an order to compel PBS to produce Whisnant for a deposition. The court considered oral argument on January 9, 2015, as to PBS's summary judgment motion and plaintiff's motion to compel Whisnant's deposition, before it granted PBS's motion and denied plaintiff's.

The court relied on Whisnant's certification in reaching its decision to grant defendant's motion. Based on that certification, the court found that PBS did not pay Quezada for his time commuting, or provide him with a vehicle to drive, nor did it control him or his means of transportation "at any time before he is scheduled to begin work." Moreover, the court found it was in Quezada's sole discretion as to whether he brought his own tools

to work or stored them at PBS's sites or took them home each day. It considered whether Quezada's arrangement with PBS gave rise to a "dual purpose employment or benefit" as discussed in Carter v. Reynolds, 175 N.J. 402 (2003), and concluded it did not. The court determined there were "no . . . material issues in dispute that would warrant this [c]ourt . . . denying summary judgment."

The court also denied plaintiff's motion to compel Whisnant's deposition. It denied the motion because plaintiff failed to seek or move to compel the deposition in accordance with the court's earlier order establishing a deadline for fact-witnesses.

Plaintiff filed a motion for reconsideration on January 28, 2015, which the court denied following oral argument on February 20, 2015. This appeal followed.

We review a trial court's grant of summary judgment de novo and apply the same standard as the trial court. Cypress Point Condo. Ass'n v. Adria Towers, L.L.C., 226 N.J. 403, 414 (2016). Summary judgment must be granted if there is no genuine issue of material fact challenged and the moving party is entitled to judgment as a matter of law. R. 4:46-2. No special deference is afforded to the legal determinations of the trial court when no issue of fact exists. Templo Fuente De Vida Corp. v. Nat'l Union Fire Ins. Co. of Pittsburgh, 224 N.J. 189, 199 (2016) (citing

Manalapan Realty, L.P. v. Twp. Comm. of Manalapan, 140 N.J. 366, 378 (1995)).

We conclude from our de novo review that the trial court correctly determined that PBS was entitled to summary judgment because there was no evidence that PBS was liable under the doctrine of respondeat superior. "Under respondeat superior, an employer can be found liable for the negligence of an employee causing injuries to third parties, if, at the time of the occurrence, the employee was acting within the scope of his or her employment." Carter, supra, 175 N.J. at 408-09. "Generally, an employee who is 'going to' or 'coming from' his or her place of employment is not considered to be acting within the scope of employment." Id. at 412 (citing Mannes v. Healey, 306 N.J. Super. 351, 353-54 (App. Div. 1997)). "The fact that [the employee] was on [his] way to the office to perform some work-related duty is not sufficient in and of itself to constitute a mission undertaken on [the employer's] behalf." Mannes, supra, 306 N.J. Super. at 355 (holding the going and coming rule applied to an employee driving to the workplace to get work-related forms).

"Two rationales exist to support the 'going and coming' rule. The first is that 'employment is suspended from the time the employee leaves the workplace until he or she returns.' That 'suspension' occurs because the element of 'control' [by the

employer] is deemed lacking." Carter, supra, 175 N.J. at 413 (quoting Mannes, supra, 306 N.J. Super. at 354). "The second is that the employer derives no benefit from the commute." Ibid. "In essence, when employees travel to or from work they are deemed to be acting in their own interests without constraints by the employer regarding the method or means of the commute." Ibid.

"There are, however, exceptions to the going and coming rule," which apply if "(1) the employee is engaged in a special errand or mission on the employer's behalf; (2) the employer requires the employee to drive his or her personal vehicle to work so that the vehicle may be used for work-related tasks; and (3) the employee is 'on-call.'" Id. at 413-14 (citing Mannes, supra, 306 N.J. Super. at 354-55).

"The 'special' aspect of the [special mission] exception requires, at the very least, that the employee perform an act outside the ordinary confines of his or her job description at the behest of the employer." Id. at 418. "The special mission exception has fairly well-defined margins." Id. at 417. As the Court explained in Carter,

> [w]hen an employee, having identifiable time and space limits on his employment, makes an off-premises journey which would normally not be covered under the usual going and coming rule, the journey may be brought within the course of employment by the fact that the trouble and time of making the journey, or the

> special inconvenience, hazard, or urgency of making it in particular circumstances, is itself sufficiently substantial to be viewed as an integral part of the service itself.
>
> [Ibid. (quoting Carberry v. State, Div. of State Police, 279 N.J. Super. 114, 120 (App. Div.), certif. denied, 141 N.J. 94 (1995)).]

In opposing PBS's motion for summary judgment, plaintiff did not come forward with any facts that called into question Quezada's or Whisnant's statements that Quezada was not working under PBS's control when the accident occurred so that any of the noted exceptions would apply. It was undisputed that PBS did not require Quezada to drive his "personal vehicle to work so that the vehicle may be used for work-related tasks." Id. at 414; cf. id. at 405 (finding employer liability when an employee "was required by her employer to use her personal car on mandatory client visits"). Also, there was no evidence that PBS prevented Quezada from using "alternate means of transportation," such as a taxi, "walking, public transportation, or just being dropped off" by someone else. Id. at 416-17. Nor was there any evidence that Quezada was on call or on any type of "special mission" for PBS. There was no question that Quezada was on his way to work in the morning to begin his standard workday that began when he arrived at the jobsite.

Significantly, and contrary to plaintiff's argument, PBS did not require Quezada to transport tools or materials to work; in fact, there was a safe, guarded area at the job site for him to store his tools if he so desired. However, he chose to store his tools in his personal vehicle. That storage did not place Quezada's actions while driving to work under the control of PBS so that it would liable be for Quezada's negligence.

We turn next to plaintiff's contention that the court should have denied summary judgment and ordered that Whisnant appear for a deposition before again considering PBS's motion. According to plaintiff, the court abused its discretion by denying plaintiff's motion to compel that deposition because Whisnant's identity was not disclosed until after the date ordered for fact-witness depositions to be completed and despite plaintiff's numerous attempts to schedule the deposition before seeking relief from the court. We disagree.

We discern no abuse of the court's discretion in denying plaintiff's motion. See Pomerantz Paper Corp. v. New Cmty. Corp., 207 N.J. 344, 371 (2011). At the outset, we note that it is undisputed that plaintiff never sought the deposition by subpoena or motion during the period for depositions of fact witness as ordered by the court or through seeking an extension of discovery for that purpose. In fact, at Quezada's deposition plaintiff's

counsel specifically told Quezada that plaintiff did not "need to know [the] name" of his "boss at PBS." Even if, as plaintiff argues, neither PBS nor Quezada disclosed Whisnant's identity until after the date for the completion of fact-witness depositions, and plaintiff made numerous attempts to schedule the deposition, there is no question that such discovery was never sought — i.e. the deposition of PBS personnel — during the period allowed for depositions or discovery in general by plaintiff. Under these circumstances, the judge correctly determined that withholding summary judgment and ordering the deposition was not appropriate. See Pressler & Verniero, Current N.J. Court Rules, comment 2.3.3 on R. 4:46-2 (2017) (citing Liberty Surplus Ins. Corp. v. Nowell Amoroso, P.A., 189 N.J. 436, 450-51 (2007) ("[A] claim of incomplete discovery will not defeat a summary judgment motion when the party opposing the motion has not [timely] sought discovery")).

In addition, even if plaintiff had timely sought Whisnant's deposition, there was nothing in the record to indicate that his testimony would vary from his certification filed in support of PBS's motion. "A motion for summary judgment is not premature merely because discovery has not been completed, unless plaintiff is able to 'demonstrate with some degree of particularity the likelihood that further discovery will supply the missing elements

of the cause of action.'" <u>Badiali v. N.J. Mfrs. Ins. Grp.</u>, 220 <u>N.J.</u> 544, 555 (2015) (quoting <u>Wellington v. Estate of Wellington</u>, 359 <u>N.J. Super.</u> 484, 496 (App. Div.), <u>certif. denied</u>, 177 <u>N.J.</u> 493 (2003)). Plaintiff made no such showing here.

Finally, in her motion for reconsideration, plaintiff argued that the court failed to consider that it had allowed for extension of discovery for PBS to depose Quezada and conduct other discovery, while it refused to withhold summary judgment and order Whisnant's deposition. We find no merit to this argument. First, unlike plaintiff, PBS was not a party to the litigation when Quezada was originally deposed. An order allowing for PBS to depose him was clearly warranted. Second, because we agree that the court properly denied plaintiff's motion to compel and granted PBS's summary judgment, the denial of the reconsideration motion was appropriate as plaintiff failed to establish that the court's decisions were made upon a "palpably incorrect or irrational basis." <u>Palombi v. Palombi</u>, 414 <u>N.J. Super.</u> 274, 288 (App. Div. 2010) (quoting <u>D'Atria v. D'Atria</u>, 242 <u>N.J. Super.</u> 392, 401 (Ch. Div. 1990)).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION