**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO.  A-5058-18T2

BEATRICE SAMOL,

     Plaintiff-Appellant,

v.

RYAN P. VANLANINGHAM and
JENNIFER A. VANLANINGHAM,

     Defendants,

and

PARTY CITY HOLDCO, INC.,

     Defendant-Respondent,

and

RYAN P. VANLANINGHAM and
JENNIFER A. VANLANINGHAM,

     Defendants/Third-Party
     Plaintiffs,

v.

PABLO SAMOL,

Third-Party Defendant.

_____

Submitted May 13, 2020 – Decided June 3, 2020

Before Judges Whipple, Gooden Brown, and Mawla.

On appeal from the Superior Court of New Jersey, Law Division, Somerset County, Docket No. L-0503-17.

Stathis & Leonardis, LLC, attorneys for appellant (Nicholas J. Leonardis, of counsel and on the brief; Randi S. Greenberg, on the brief).

Gallo, Vitucci & Klar, attorneys for respondent Party City Corporation i/s/h/a Party City Holdco, Inc. (Yolanda L. Ayala, on the brief).

PER CURIAM

Plaintiff Beatrice Samol appeals from April 26, 2019 orders granting defendant Party City Holdco, Inc. summary judgment and denying her motion for summary judgment. We affirm for the reasons set forth in Judge Thomas C. Miller's thorough and well-written twenty-six-page opinion.

We summarize the facts, which are set forth in greater detail in the judge's opinion. One morning in March 2016, defendant Ryan P. Vanlaningham left for work at his part-time job at Party City in Bridgewater. A high school student, Vanlaningham was operating his mother's vehicle. The store manager summoned him to work for a training meeting. He was going to

be compensated at the usual hourly rate for the training and scheduled to work his regular shift the same day.

On the way to work, Vanlaningham struck a vehicle owned by Pablo Samol. Plaintiff was a passenger in Samol's vehicle and suffered injuries. She filed a lawsuit initially naming Vanlaningham and his mother as defendants, and then asserted a third-party complaint against Samol, and ultimately amended her complaint to include defendant. Liability was the only disputed issue.

Defendant moved for summary judgment and plaintiff opposed the motion and cross moved for partial summary judgment on liability. Following oral argument, Judge Miller granted defendant's motion and denied plaintiff's. He concluded defendant was not vicariously liable as respondeat superior for Vanlaningham's conduct pursuant to the "going and coming" rule, and that neither the "special mission" nor the "compelled activity" exceptions to the rule applied because Vanlaningham was on a routine commute to work in a personal vehicle the morning of the accident.

Judge Miller concluded the accident occurred outside of Vanlaningham's scope of employment because he was not fulfilling a job-related assignment during the commute and had not arrived at work. The judge found the training meeting was a part of the normal and routine tasks of Valaningham's

employment and the facts established defendant did not: 1) control the route Vanlaningham took to work; 2) compensate him for the commute; or 3) direct him to take a specific route to work or perform job duties during the commute.

We apply a de novo standard of review to a trial court's grant of summary judgment and apply the same standard as the trial court in determining whether summary judgment is appropriate. Globe Motor Co. v. Igdalev, 225 N.J. 469, 479 (2016); Templo Fuente De Vida Corp. v. Nat'l Union Fire Ins. Co. of Pittsburg, 224 N.J. 189, 199 (2016). Pursuant to Rule 4:46-2, a court shall grant summary judgment when "the pleadings, depositions, answers to interrogatories, and admissions on file, . . . show that there is no genuine issue as to any material fact challenged and that the moving party is entitled to a judgment or order as a matter of law." Disputed issues that are "of an insubstantial nature" cannot overcome a motion for summary judgment. Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 530 (1995).

On appeal, plaintiff argues the judge misapplied the "going and coming" rule and defendant is vicariously liable as respondeat superior because Vanlaningham was an employee of defendant and under its control. Plaintiff argues the "special mission" and "compelled activity" exceptions applied.

Under the doctrine of respondeat superior, "an employer can be found liable for the negligence of an employee causing injuries to third parties if, at

4

the time of the occurrence, the employee was acting within the scope of his or her employment." Carter v. Reynolds, 175 N.J. 402, 408-09 (2003) (citing Lehman v. Toys 'R' Us, Inc., 132 N.J. 587, 619 (1993)).

"Generally, an employee who is 'going to' or 'coming from' his or her place of employment is not considered to be acting within the scope of employment" because a commuting employee is "deemed to be acting in their own interests without constraint by the employer regarding the method or means of the commute." Id. at 412, 413 (citing Mannes v. Healey, 306 N.J. Super. 351, 353-54 (App. Div. 1997)). An employee's commute is considered outside the scope of employment because "'employment is suspended from the time the employee leaves the work place until he or she returns' . . . [and t]hat 'suspension' occurs because the element of 'control' is deemed lacking." Id. at 413 (citations omitted). Moreover, "the employer derives no benefit from the commute." Ibid.

The compelled activity exception contemplates "when an employer directs or requires an employee to undertake an activity, 'that compulsion, standing alone, brings an activity that is otherwise unrelated to work within the scope of employment.'" Sager v. O.A. Peterson Constr. Co., 182 N.J. 156, 163 (2004) (quoting Lozano v. Frank De Luca Constr., 178 N.J. 513, 518 (2004)). The purpose of this exception is to recognize that "an employer always retains

A-5058-18T2

the power to expand the scope of employment by directing the employee to engage in tasks outside of the employee's general job duties[,]" thereby expanding respondeat superior liability. Id. at 164 (quotations omitted).

Here, there was no credible basis to support the assertion defendant controlled Vanlaningham's commute or that his commute fell within the scope of his job duties. The facts did not demonstrate Vanlaningham's commute was pursuant to a special mission; he was traveling to his regular place of employment on one of his pre-scheduled workdays. For these reasons as well, his drive to work on the day of the incident was not a compelled activity.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-5058-18T2