**SCULLIN STEEL COMPANY,**
**Appellant,**

v.

**Samuel WHITESIDE, Respondent.**

**No. 48433.**

Missouri Court of Appeals,
Eastern District,
Division Two.

Sept. 25, 1984.

Motion for Rehearing and Transfer
Denied Nov. 20, 1984.

Application to Transfer Denied
Jan. 15, 1985.

Gilbert D. Connor, St. Louis, for appellant.

Terry B. Crouppen, St. Louis, for respondent.

CRIST, Presiding Judge.

This is an appeal by Scullin Steel Company, employer, from a judgment of the Circuit Court of the City of St. Louis affirming the final award of the Labor and Industrial Commission of Missouri in a Worker's Compensation case. The Commission sustained the Administrative Law Judge's Award of $27,086.30 for permanent partial disability, temporary total disability and medical expenses to Samuel Whiteside, claimant. We affirm.

Employer contends there was insufficient evidence to warrant the award. At issue is whether claimant's accident arose out of and was sustained in the course of his employment. In our judgment, it was sufficiently work-related.

On May 15, 1980, Samuel Whiteside, a union shop steward at the company, was shot twice, once in the back and once in the neck, by Robert Branscomb, a fellow employee. The shooting occurred at 7:00 a.m. outside the plant. Accompanying Bran-

scomb was Louise Washington, also an employee. The previous day, Washington had argued with Whiteside and had accused him of striking her. Washington told Branscomb, her boyfriend, that Whiteside had hit her. As the pair approached Whiteside on the morning of May 15th, she urged Branscomb to shoot and kill Whiteside. Whiteside denied ever having hit Louise Washington.

The argument between claimant and Louise Washington arose on May 14, 1980, over a grievance of Washington which claimant, in his capacity as shop steward, presented to the foreman. In response, the foreman criticized Washington's performance and suggested that she not file the grievance. Claimant relayed the foreman's criticism to Washington. Angered by the remarks, Washington hurled obscenities at claimant. He lunged for her, but was restrained. Claimant stated that she hit him. Later that day Washington claimed that Whiteside struck her. The two had never socialized or quarreled previously.

At 5:00 p.m. that same afternoon, claimant received a telegram notifying him that he was suspended and that a hearing would be held at 1:00 p.m. the following day, May 15, 1980. At 7:00 a.m. the morning of the 15th, claimant arrived at the plant to see whether his hearing could be held earlier. It was common for the union to request an earlier hearing time. Claimant hoped to work a full day. If the hearing could not be rescheduled, he intended to wash his work clothes.

Claimant was standing amid train tracks within 25 feet of the plant door, off company premises, but on the only path into the plant, when Louise Washington and Robert Branscomb approached. Upon hearing the threats to his life, he turned his back and moved away towards his car. Thereupon, Branscomb shot him twice.

■ Assaults which are the outgrowth of the frictions of employment are compensable. *Liebman v. Colonial Baking Company*, 391 S.W.2d 948, 951 (Mo.App.1965); *Keithley v. Stone & Webster Engineering Corporation*, 226 Mo.App. 1122, 49 S.W.2d

296 (1932). An injury suffered by an employee stemming from activities of mutual benefit for employer and employee arises out of and in the course of employment. *Blatter v. Missouri Department of Social Services*, 655 S.W.2d 819, 823 (Mo.App. 1983); *Wamhoff v. Wagner Electric Corporation*, 354 Mo. 711, 190 S.W.2d 915, 919 (banc 1945). The activities of a union steward are mutually beneficial to labor and management, and injuries related to their performance are generally held compensable. 1 A. Larson, The Law of Workmen's Compensation § 11.12, at 3–160 (1982); *Repco Products Corp. v. Workmen's Compensation Appeal Board*, 32 Pa.Cmwlth. 554, 379 A.2d 1089, 1092 (1977).

■ In this case, an argument arose over a grievance which claimant handled in his position as union steward. Claimant had no personal quarrel either with Louise Washington or with Robert Branscomb. The assault resulted directly from claimant's union duties.

■ That the shooting occurred off the employer's premises does not defeat the claim. Hazards of employment may spill over boundary lines and extend the zone of employment danger. 1 A. Larson, The Law of Workmen's Compensation § 15.31, at 4–53 (1982); *Freire v. Matson Navigation Co.*, 19 Cal.2d 8, 118 P.2d 809 (1941). Claimant was entering the plant by the normal route taken to reach his place of employment. His purpose was work-related. Injuries sustained by an employee while going to or from work can be compensable "where the off-premises point is on the only route or the normal route that employees must take to get to their employment and there exists a special hazard, one to which the employee is exposed by reason of the employment, to which the general public is not subjected." *Beck v. Edison Brothers Stores, Inc.*, 657 S.W.2d 326, 328 (Mo.App.1983). Here the "special hazard" was Louise Washington and Robert Branscomb.

In *Feuchtbaum v. Simwitz Bros. Trucking Co.*, 28 A.D.2d 575, 279 N.Y.S.2d 416

(1967), a union steward was assaulted by two fellow workers, angered by a union-related decision. The assault occurred after hours and across the street, off employment premises. The court affirmed the Workmen's Compensation Board's conclusion that claimant "had not separated himself from the animosities and danger of employment at the time he was assaulted." *Feuchtbaum*, supra, 279 N.Y.S.2d at 417.

In this case, claimant was nearing the work place the morning before his hearing when his co-workers approached. The assault occurred within the "period of a reasonable margin of time and space" associated with his duties at the plant. See *Zahn v. Associated Dry Goods Corp.*, 655 S.W.2d 769, 773 (Mo.App.1983).

Judgment affirmed.

REINHARD, C.J., and PUDLOWSKI, J., concur.