Deborah **SNOWBARGER**, et al., Respondents,

v.

**TRI–COUNTY ELECTRIC COOPERATIVE**, et al., Appellants.

No. 72465.

Supreme Court of Missouri, En Banc.

July 31, 1990.

Rehearing Denied Sept. 11, 1990.

David A. Masters, Kirksville, for appellants.

David Collins, Macon, for respondents.

HIGGINS, Judge.

Tri–County Electric Cooperative appealed from a final award by the Labor and Industrial Relations Commission in favor of Deborah Snowbarger and Jason Snowbarger. The Missouri Court of Appeals, Western District, reversed the judgment. This Court accepted transfer to determine whether an exception to the coming and going rule can be applied to an accident that occurs at a distance of 22 miles from the place of employment, when a causal connection between the accident and the

employment has been determined. § 287.020.5, RSMo 1986. This Court affirms the Commission's award of full benefits to respondents.

Mitchell Snowbarger, the husband and father of respondents, was an employee of Tri–County. During an emergency created by an ice storm, he worked 86 of a 100.5 hour period between Saturday, November 30, and Thursday, December 5, 1985. The overtime work was required by his employer and included cutting up trees with chain saws, digging holes by hand, and resetting poles. At one o'clock a.m. on December 5, he went off duty. The Commission found that while returning home from Lancaster to Kirksville Snowbarger fell asleep, his car went across the center line of the highway and crashed into a northbound vehicle driven by Sonya Yaden, and he died at the scene of the accident.

The Labor and Industrial Relations Commission found Snowbarger's case compensable under Missouri workers' compensation law because his accident arose out of and in the course of his employment in that he fell asleep at the wheel of his automobile and drove head-on into another vehicle as the result of the long hours he had worked immediately before the accident. The Commission noted the general rule under workers' compensation law that injuries occurring while driving to and from work are not compensable, *DeLozier v. Munlake Const. Co.,* 657 S.W.2d 53 (Mo. App.1983), but concluded that Snowbarger was subjected to a "special hazard" in driving home from work at 1:30 a.m. after working exhaustingly long overtime hours at the bidding of his employer.

The court of appeals held the Commission's finding that Snowbarger fell asleep at the wheel of his car was supported by substantial competent evidence, *Sellers v. Trans World Airlines,* 752 S.W.2d 413, 415 (Mo.App.1988), and that the condition Snowbarger faced was caused by his employment, yet concluded the accident occurred too far away from the employer's place of work to be compensable. The court held that an exception to the general rule of non-liability for injuries incurred by

an employee traveling to and from work required that the condition and resulting injury be in close proximity to the place of employment, under *Scullin Steel Co. v. Whiteside,* 682 S.W.2d 1 (Mo.App.1984); *Beck v. Edison Brothers Stores,* 657 S.W.2d 326 (Mo.App.1983); *Zahn v. Associated Dry Goods Corp.,* 655 S.W.2d 769 (Mo.App.1983); and *Hunt v. Allis–Chalmers,* 445 S.W.2d 400 (Mo.App.1969). Because Mitchell Snowbarger's accident occurred approximately 22 miles from his place of employment, after he had been driving for 20 to 30 minutes, the court differed with the Commission and concluded the injury did not occur in the course of his employment, under section 287.020.5, RSMo 1986.

In *Hunt,* 445 S.W.2d at 408, the court of appeals held an employee's death while crossing a railroad track not on the employer's premises, on his way to work along a route in which the employer acquiesced for that use, and "within that reasonable interval permissible between the arrival upon the employer's premises ... and the commencement of the actual work" was causally connected with the conditions of his employment because crossing the tracks extended the course of his employment. The facts of that case did not involve an accident removed from the job site, nor did those of *Scullin Steel,* 682 S.W.2d 1, *Beck,* 657 S.W.2d 326, or *Zahn,* 655 S.W.2d 769.

Missouri has not yet confronted an exception case whose facts involved an accident away from the job site.

Other state and federal courts have held that injuries suffered by claimants beyond proximity to their workplace when they fell asleep from fatigue while driving home after working unusually long hours were compensable injuries arising out of and in the course of their employment. In *Van Devander v. Heller Electric Co.,* 405 F.2d 1108 (D.C.Cir.1968), an electrical equipment installer worked twenty-six consecutive hours on the job and fell asleep from fatigue after traveling twenty minutes in his car upon leaving his job. The court noted:

An important step in cases of employment-related injuries is to scrutinize the

factual setting to determine whether there is a direct and positive causal connection between the employment and the injury. What is required to bring the claimant within the ambit of the statute is "continuity of cause ... combined with continuity in time and space." (*Citing Field v. Charmette Knitted Fabric Co.*, 245 N.Y. 139, 141, 156 N.E. 642, 643 (1927) (Cardozo, J.)

*Id.* at 1110. In *Nemchick v. Thatcher Glass Mfg. Co.*, 203 N.J.Super. 137, 495 A.2d 1372 (Super.Ct.App.Div.1985), an employee was injured while driving home after completing an off-premises task; he had worked twenty-seven hours without sleep. In *Hed v. Brockway Glass Co.*, 309 Minn. 73, 244 N.W.2d 28 (1976), a bricklayer required to work overtime under conditions of unusual heat was injured in an accident on his way home from work; he was found unconscious inside his car. The Minnesota workmen's compensation statute is similar to Missouri's in its requirement that an employee be "engaged in, on, or about the premises where the employee's services require the employee's presence as a part of such service at the time of the injury and during the hours of such service." Minn.Stat.Ann. § 176.011.16 (West 1989). *See also Swanson v. Fairway Foods*, 439 N.W.2d 722 (Minn.1989). This Court finds these cases persuasive.

Appellant, Tri–County Electrical Cooperative, contends the accident did not occur in the "course and scope" of the employee's employment because Mr. Snowbarger was merely traveling home after work, and his death did not fall within any exception to the general rule precluding liability for injuries to employees while traveling to and from work. It argues the special hazard doctrine does not apply because Mr. Snowbarger did not encounter a peculiar or abnormal exposure to a common peril whose risk was incident to or inseparable from the employment. The Cooperative also argues there is a close proximity requirement founded in the mandate of section 287.020.5 that the death occur on or about the employer's premises or where the employee's services are required as a part of that service, which the claimant has failed to satisfy. *Hunt*, 445 S.W.2d 400.

An exception to the general rule of non-liability for injuries incurred traveling to or from work has been applied to conditions associated with a fixed place, such as the railroad tracks in *Hunt.* Because the exception was utilized for risks associated with a fixed place, it applied where the fixed point was in close proximity to the place of employment. It is not logical, however, to require that the condition exist at a fixed point. A special situation or condition may also exist where there is a peculiar or abnormal exposure to a peril, whose risk is incident to or inseparable from the scene of employment. The employer in *Hunt* acquiesced in the employees' crossing the railroad tracks to enter their place of employment; the employer in this case more than acquiesced in causing the condition of complete fatigue owing to the draining and grueling overtime hours spent in manual labor in extreme cold.

Mitchell Snowbarger encountered an abnormal exposure to an employment related peril because he had worked for 86 of the 100.5 hours preceding his fatal accident; his physical exhaustion engendered an unusual risk of an automobile accident. The condition was incident to his employment because the work was at the bidding and for the benefit of his employer. That his accident happened after he had driven approximately twenty-two miles, rather than immediately, does not change its cause: the unusually long overtime hours he had worked. Thus, Snowbarger's accident fell within an exception to the section 287.020.5 requirement that workers be "engaged in or about the premises where their duties are being performed, or where their services require their presence as a part of such service."

The award of the Labor and Industrial Relations Commission is affirmed.

BLACKMAR, C.J., and ROBERTSON, RENDLEN, COVINGTON and HOLSTEIN, JJ., and PARRISH, Special Judge, concur.

BILLINGS, J., not sitting.