Larry LOGAN, Plaintiff–Appellant,

v.

Bart PHILLIPS and Union Electric Company, Defendants,

and

The City of Arnold, Defendant–Respondent.

Larry LOGAN and Darlene Logan, Plaintiffs–Appellants,

v.

Bart PHILLIPS and Union Electric Company, Defendants,

and

The City of Arnold, Defendant–Respondent.

Nos. 66166, 66167.

Missouri Court of Appeals, Eastern District, Division Three.

Jan. 24, 1995.

Dennis H. Tesreau, Hillsboro, for appellant.

Gerard T. Noce, Thomas M. Buckley, St. Louis, for respondent.

CRANDALL, Judge.

Plaintiffs, Larry and Darlene Logan, appeal from the trial court's grant of summary judgment in favor of defendant, City of Arnold (City), in plaintiffs' actions for wrongful death and bodily injury. We affirm.

On March 16, 1992, a vehicle driven by defendant Bart Phillips, a police officer for the City, collided with a car driven by plaintiff Darlene Logan. Darlene suffered bodily injuries, and her daughter Irene was killed.

On the day of the accident, Officer Phillips worked from 6:30 a.m. to 3:00 p.m. Officer Phillips had completed his day shift and, at the time of the accident, was driving his personal vehicle from his home to the Arnold Municipal Court because he was under subpoena to testify on behalf of the City at 7:00 p.m. He was in uniform at the time of the collision and was carrying a department firearm. Officer Phillips was not being paid for his time or travel from his residence to the court. He would have been compensated only for the time he actually spent in court that evening.

Plaintiffs sought to hold City liable under the doctrine of respondeat superior. City filed a motion for summary judgment contending that, as a matter of law, Officer Phillips was not acting within the course and scope of his employment as a police officer when he was driving from his residence to court. The trial court sustained City's motion and designated its judgment final for purposes of appeal. See Rule 74.01(b).

Plaintiffs claim the trial court erred in granting City's motion for summary judg-

ment because a genuine issue of material fact existed whether Officer Phillips was acting within the scope of his employment at the time of the accident. Plaintiffs contend this issue was a question of fact for the jury. *See Smith v. Fine,* 351 Mo. 1179, 175 S.W.2d 761, 766 (1943).

An employer is generally not liable under the doctrine of respondeat superior to one injured by an employee's negligent operation of a vehicle on his journey to and from work. *Delozier v. Munlake Const. Co.,* 657 S.W.2d 53 (Mo.App.1983). Ordinarily, getting to the place of work is a personal problem of the employee and not a part of his services to his employer. 7A Am.Jur.2d Automobiles and Highway Traffic § 700 (1980). In absence of some special benefit to the employer other than the mere making of the services available at the place where they are needed, the employee is not acting within the scope of his employment in traveling to work. *Id.* Missouri cases are in accord with this general "going and coming" rule. *Sharp v. W. & W. Trucking Co.,* 421 S.W.2d 213, 219 (Mo.1967). Inquiries to determine liability include whether the employer had any control or right of control over how, when or if the employee got to his place of employment. *Id.* at 220.

Here, it is undisputed that Officer Phillips was going to work at the time of his accident. The *circumstances surrounding* this accident place Officer Phillips' activities squarely within the "going and coming" rule. He was driving his own personal vehicle as a matter of choice. He was not reimbursed for any expenses incurred while traveling from his home to the court. His pay did not start until he arrived at the courthouse. The purpose of his journey was to appear at the courthouse at the designated time to provide his required testimony. He was not performing any official police duties at the time of the collision. City had no right to control Officer Phillips in the operation of his vehicle or in the method or route of transportation he chose. The use of his vehicle was not of such vital importance in furthering City's business that control over it could reasonably be inferred.

Further, Officer Phillips' activities did not come within the "special errand" exception to the going and coming rule. The special errand exception applies when an employee, having identifiable time and space limits on his employment, makes a journey which would normally fall under the going and coming rule, but invests substantial time and trouble, or suffers special inconvenience, hazard or urgency in making the journey under the particular circumstances so that it can be viewed as an integral part of the service itself. *Mayor and City Council of Baltimore v. Jakelski,* 45 Md.App. 7, 410 A.2d 1116, 1118 (1980).

The Supreme Court considered this exception in *Snowbarger v. Tri–County Elec. Co-Op,* 793 S.W.2d 348 (Mo. banc 1990). In *Snowbarger,* the employee was killed when he fell asleep while driving home from work. *Id.* at 349. Due to an emergency created by an ice storm, he had worked 86 hours of the 100.5 hour period before he went off duty. *Id.* The court held the employee encountered an abnormal exposure to an employment related peril because his physical exhaustion was incident to the work he had performed at the bidding and for the benefit of his employer. *Id.* at 350.

Here, the journey from Officer Phillips' home to the courthouse was under twenty miles. Officer Phillips did not invest substantial time or trouble in making the journey, nor did he suffer special inconvenience, hazard or urgency in making it. *Compare Director of Finance for City of Baltimore v. Alford,* 270 Md. 355, 311 A.2d 412 (1973) (holding that a police officer's injuries sustained in an accident en route to work were compensable because he was called to work early during a state emergency when the entire force had been placed on alert). Moreover, Officer Phillips had only completed a normal shift of duty, not the extraordinarily long hours worked by the employee in *Snowbarger.* Officer Phillips' journey does not approach the special hazard encountered by the *Snowbarger* employee.

Plaintiffs contend that because Officer Phillips was responding to a court subpoena raises an issue of fact whether Officer Phillips was acting within the scope of his em-

ployment while en route to testify. The subpoena was a copy of the court subpoena for the entire department, listing all officers who had a case docketed on a certain date. It was simply a command to report at a time certain. Providing testimony in court was a routine duty of City police officers. "[A] duty-related trip made regularly in the course of duty is not a 'special errand'." *Jakelski, supra,* 410 A.2d at 1119. Plaintiff's point is denied.

The judgment of the trial court is affirmed.

CRANE, P.J., and DOWD, J., concur.