# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-3859

_____

Chrystell H. Fackrell,                *
                                         *

        Appellant,      *

                                     *   Appeal from the United States
     v.                    *   District Court for the
                                     *   Western District of Missouri.

Samuel Lee Marshall;       *
Lombardi Software, Inc.,     *
                                     *

        Appellant.     *

_____

Submitted: April 12, 2007
Filed: July 20, 2007

_____

Before WOLLMAN, BEAM, and COLLOTON, Circuit Judges.

_____

WOLLMAN, Circuit Judge.

Chrystell H. Fackrell appeals from the district court's[1] grant of summary judgment in favor of Lombardi Software, Inc. (Lombardi) in her personal injury claim against Lombardi and Samuel Lee Marshall. We affirm.

_____

[1]The Honorable Dean Whipple, then Chief Judge, United States District Court for the Western District of Missouri.

# I.

Fackrell was injured when a rental car driven by Marshall struck her in the parking lot of a gas station. At the time of the accident, Marshall had just finished purchasing fuel and was en route to the airport in Kansas City, where he was to drop off his rental car, participate in a work-related conference call an hour before his flight, and then fly to his home in South Carolina. Prior to the accident, Marshall had been providing computer programming services to Lombardi at Sprint's Corporate headquarters in Overland Park, Kansas. Marshall provided these services pursuant to a consulting agreement he had entered into with Lombardi and typically worked on-site at Sprint's facilities from Monday to either Thursday or Friday, when he would fly back home to South Carolina for the weekend. According to the consulting agreement, Marshall was an independent contractor and not an employee of Lombardi. The agreement also provided that Lombardi would compensate Marshall at a specified daily rate and reimburse his reasonable travel, lodging, and meal expenses. This included the costs of his rental vehicle and flight back home to South Carolina.

Fackrell brought this action against both Marshall and Lombardi, seeking damages for the personal injuries she incurred as a result of the incident. In her complaint, Fackrell asserted that Lombardi was vicariously liable for her injuries under the doctrine of respondeat superior because Marshall was acting as an agent, servant, and employee of Lombardi and was within the course and scope of his employment at the time of the accident. Lombardi moved for summary judgment, arguing that it was not liable for Marshall's negligence because Marshall was an independent contractor and, alternatively, because Marshall was not acting within the course and scope of his purported employment at the time of the accident. The district court granted the motion, concluding that even if Marshall was an employee, he was not acting within the scope of his employment at the time of the accident.

## II.

On appeal, Fackrell argues that the district court erred in granting summary judgment because a genuine issue of material fact exists as to whether Marshall was acting within the course and scope of his employment at the time of the accident. Fackrell additionally asserts that there is a genuine issue of material fact as to whether Marshall was an independent contractor. "'We review a district court's grant of summary judgment *de novo*,'" and will affirm such grant "if the 'record, when viewed in the light most favorable to the nonmoving party, shows that there is no genuine dispute of material fact and that the moving party is entitled to judgment as a matter of law.'" Ferguson v. United States, 484 F.3d 1068, 1072 (8th Cir. 2007) (quoting Keller v. United States, 46 F.3d 851, 853 (8th Cir. 1995)).

"Under the doctrine of respondeat superior an employer is liable for those negligent acts or omissions of his employee which are committed within the scope of his employment." Studebaker v. Nettie's Flower Garden, Inc., 842 S.W.2d 227, 229 (Mo. Ct. App. 1992). For Lombardi to be held liable for Marshall's actions, Fackrell must therefore show that Marshall was not only Lombardi's employee, but also that he was acting within the scope of his employment when the accident occurred. Like the district court, we decline to decide whether Marshall was an employee or an independent contractor because we conclude that even if he was considered to be an employee, the undisputed facts show that he was not acting within the scope of his employment when the accident occurred.

"The determination of whether an employee was acting within the scope of his employment depends on the facts and circumstances of each case." Pyle v. United States, 827 F.2d 360, 362 (8th Cir. 1987) (applying Missouri law). When the situation involves an injury arising out of an employee's operation of a vehicle, Missouri courts have typically looked at the degree of control the employer had over the employee at the time of the accident, as well as whether the employee was engaged in the

prosecution of the employer's business at the time of the accident, to determine whether the employee was acting within the scope of his or her employment.  Id.; Logan v. Phillips, 891 S.W.2d 542, 544 (Mo. Ct. App. 1995); Studebaker, 842 S.W.2d at 229.  Under Missouri law,

> [i]t is generally held that getting to the place of work is ordinarily a personal problem of the employee and not a part of his services to his employer, so that in the absence of some special benefit to the employer other than the mere making of the services available at the place where they are needed, the employee is not acting within the scope of his employment in traveling to work, even though he uses his employer's motor vehicle, and therefore the employer cannot be held liable under the doctrine of respondeat superior to one injured by the employee's negligent operation of the vehicle on such trip.

Studebaker, 842 S.W.2d at 229 (quoting Sharp v. W. & W. Trucking Co., 421 S.W.2d 213, 219 (Mo. 1967) (en banc)).  This is commonly referred to as the "going and coming" rule.

Fackrell does not dispute that the going and coming rule is at issue here. Instead, she asserts that the facts of this case reasonably fit within several recognized exceptions to the rule, thereby rendering summary judgment inappropriate.

One of the exceptions upon which Fackrell relies is the "special errand" exception.  This exception is applicable when

> an employee, having identifiable time and space limits on his employment, makes a journey which would normally fall under the going and coming rule, but invests substantial time and trouble, or suffers special inconvenience, hazard or urgency in making the journey under the particular circumstances so that it can be viewed as an integral part of the service itself.

-4-

Logan, 891 S.W.2d at 544. Fackrell contends that Marshall's travel fits within this exception because of the trip's length, the inconvenience associated with Marshall's having to be away from home during the work week, and the sense of urgency created by his expected participation in the work-related conference call. We disagree, for as part of the analysis under the special errand exception, Missouri courts have also required that the trip be a "special errand" and have specifically stated that "'[a] duty-related trip made regularly in the course of duty is not a special errand.'" Logan, 891 S.W.2d at 545 (quoting Mayor & City Council of Baltimore v. Jakelski, 410 A.2d 1116, 1119 (Md. Ct. Spec. App. 1980) ("In this case it is clear that [the employee] [n]ever embarked upon a special errand or mission; he was en route to a regularly repetitive performance of one of his many duties.")). Marshall's trip, while significant in length and time, was made regularly during the course of his relationship with Lombardi. Accordingly, it cannot be characterized as a special errand under Missouri law.

Likewise without merit is Fackrell's assertion that the special errand exception applies because Marshall's employment duties, namely, the fact that he was scheduled to participate in a conference call an hour before his flight (and, incidentally, 17 minutes after the accident), created a sense of urgency during the trip. Marshall was planning to take part in the conference call by cell phone and could have done so either at the airport or en route thereto, lessening the probability that his trip was marked by any sense of urgency.

Fackrell also asserts that the "dual purpose" doctrine, another exception to the going and coming rule, is applicable here. This exception is implicated under Missouri law "when an employee, in the course of his normal journey to and from work, performs some *concurrent service* for his employer . . . ." Tuttle v. Muenks, 964 S.W.2d 514, 519 (Mo. Ct. App. 1998) (emphasis in original) (quoting Gingell v. Walters Contracting Corp., 303 S.W.2d 683, 689 (Mo. Ct. App. 1957)). Fackrell contends that the facts here fall within this exception because Marshall was traveling

for work and because Lombardi benefitted by having Marshall on-site. For the dual purpose doctrine to be applicable, however, an employee must have had an employer-related purpose for the travel that was additional to and concurrent with his purpose of getting to or coming home from work. See id. (concluding that the dual purpose doctrine might be applicable because there was evidence that the employee, while traveling home from work, delivered paperwork for the employer); Gingell, 303 S.W.2d at 687-89 (holding that the dual purpose doctrine was applicable when an employee, while traveling home from work, picked up items needed by the employer). Because Fackrell does not allege that Marshall had any concurrent employer-related purpose for his travel home from his place of work, we conclude that the dual purpose doctrine is not applicable here.[2]

---

[2]We reject Fackrell's assertion that Cooper v. General Standard, Inc., 674 S.W.2d 117 (Mo. Ct. App. 1984), supports the application of the dual purpose doctrine here. In Cooper, an employee used a company van to drive to the airport to attend a trade show. Id. at 120. Upon his return, he drove the van to his home to sleep for the night. Id. The next morning, he was involved in an accident while driving the van on his way to work. Id. at 119-20. The court concluded that a jury could find the dual purpose doctrine applicable because the employee was not only commuting to work when the accident occurred, but also returning from a separate business trip. Id. at 120-21. In contrast, Marshall was traveling for the sole purpose of returning home from his place of work and was not returning from a separate business trip or serving any other dual purpose. The other cases cited by Fackrell on this issue are also unsupportive of her claim that the dual purpose doctrine is applicable, as they all involved situations in which an employee was returning home from a separate employer-related trip or task, rather than the employee's normal place of work. See Custer v. Hartford Ins. Co., 174 S.W.3d 602 (Mo. Ct. App. 2005) (en banc) (employee traveling home from a golf tournament organized by his employer); Medrano v. Marshall Elec. Contracting Inc., 173 S.W.3d 333 (Mo. Ct. App. 2005) (employee traveling home from an employer-sponsored night class); Smith v. District II A & B, 59 S.W.3d 558 (Mo. Ct. App. 2001) (employee traveling home from work-related meeting at a casino), *overruled on other grounds by* Hampton v. Big Boy Steel Erection, 121 S.W.3d 220 (Mo. 2003) (en banc).

Finally, Fackrell asserts that the going and coming rule is inapplicable because Marshall was essentially an employee who was traveling for work, rather than to work. In the workers' compensation context, this exception to the going and coming rule is known as the "journey" exception, and "authorizes compensation when an injury suffered by the employee occurs while the employee is traveling for the employer . . . ." Custer v. Hartford Ins. Co., 174 S.W.3d 602, 611 (Mo. Ct. App. 2005) (en banc). As recounted above, however, Missouri courts have stated that an employee is not traveling for an employer when the travel is simply to get to or leave from the employee's place of work, as was the case here. Studebaker, 842 S.W.2d at 229. Marshall was therefore not traveling for Lombardi at the time of the accident.[3]

For the foregoing reasons, we conclude that the undisputed facts show that Marshall was not acting within the scope of his employment when the accident occurred.

The judgment is affirmed.

_____

---

[3]We reject Fackrell's contention that Lombardi had the right to control Marshall at the time of the accident (and that Marshall was therefore traveling for Lombardi) because Lombardi agreed to reimburse him for his travel costs. Under Missouri law, this fact alone has been insufficient to support a conclusion that an employee was acting within the scope of his employment in the respondeat superior context. See, e.g., Pyle v. United States, 827 F.2d 360, 361-63 (8th Cir. 1987) (applying Missouri law and concluding that an employee, a petty officer in the United States Navy, was not acting within the scope of his employment when he was involved in an accident while en route from Naval Training School to his permanent duty station, even though the United States Navy was paying him mileage for the trip); cf. Studebaker v. Nettie's Flower Garden, Inc., 842 S.W.2d 227, 229 (Mo. Ct. App. 1992) (recognizing that an "employee is not acting within the scope of his employment in traveling to work, even though he uses his employer's motor vehicle").