# IN THE COURT OF APPEALS OF IOWA

No. 17-1683
Filed May 2, 2018

**CAROL TEEBO,**
    Plaintiff-Appellee,

**vs.**

**ETHAN JOHNSON,**
    Defendant,

**and**

**CITY OF SHENANDOAH, IOWA,**
    Defendant-Appellant.

_____

Appeal from the Iowa District Court for Page County, James M. Richardson, Judge.

The city of Shenandoah challenges the denial of its motion for summary judgment seeking to dismiss the city from a negligence suit brought by an injured pedestrian struck by a police officer driving to work in his private vehicle. **REVERSED AND REMANDED WITH INSTRUCTIONS.**

Gregory G. Barntsen of Smith, Peterson Law Firm, Council Bluffs, for appellant.

Jon H. Johnson of Johnson Law, P.L.C., Sidney, for appellee.

Considered by Vaitheswaran, P.J., and Potterfield and Tabor, JJ.

**TABOR, Judge.**

Translated from Latin, respondeat superior means "let the principal answer." *Montanick v. McMillin*, 280 N.W. 608, 613 (Iowa 1938). The principal in this case is the city of Shenandoah. Injured pedestrian, Carol Teebo, argues the city should answer for the actions of its police officer, Ethan Johnson, who struck her while driving to work in his personal vehicle. The district court agreed with Teebo and denied the city's motion for summary judgment. In this interlocutory appeal, the city contends the district court misinterpreted or ignored case law interpreting the doctrine of respondeat superior. Because Johnson was not acting within the scope of his employment at the time of the collision, we reverse and remand for the dismissal of Teebo's claims against the city.

## I.      Facts and Prior Proceedings

Shenandoah patrol officer Ethan Johnson was scheduled to clock in for his eight-hour shift at 11:00 p.m. on Halloween night 2015. Apparently running late, Johnson—clad in his uniform—was commuting to work in his GMC pickup at 11:03 p.m. when he turned left and struck Teebo, who was crossing Sycamore Street, just half a block from the police station. After the accident, Johnson was distraught and received counseling from the police chaplain at the station. Another patrol officer took Johnson's shift that night. The police chief placed Johnson on paid administrative leave for five days. The Iowa State Patrol interviewed Johnson about the accident.

In August 2016, Teebo filed a negligence suit against Johnson, alleging he failed to yield to a pedestrian and failed to keep a proper lookout. According to Teebo, the collision caused her serious harm, "including a severe head injury,

causing constant pain, discomfort, and restriction of movement in the past and for an indefinite time for the future." She amended her petition in May 2017 to add the city of Shenandoah as a defendant. The amended petition alleged the city was "responsible for the negligent acts of its employees while on duty for the Shenandoah Police Department." The amended petition further asserted that at the time of the collision Johnson was "on duty and in full uniform."

The city filed an answer claiming Teebo "failed to allege facts which would indicate the City of Shenandoah is responsible for the alleged negligent acts of Ethan Johnson." In August 2017, the city filed a motion for summary judgment seeking to dismiss all claims against it. The motion alleged Teebo "took Ethan Johnson's deposition on April 5, 2017, and in that deposition he indicated that he was on his way to work at the time the accident happened driving his own vehicle." In support of its motion, the city submitted a statement of material facts, asserting as follows:

- "Ethan Johnson was on his way to work in his own vehicle when his vehicle collided with the Plaintiff."

- "Ethan Johnson had not checked into work for the Shenandoah Police Department at the time of the accident."

- "He did not report for work with the Shenandoah Police Department after the accident but was given the night off and several days thereafter."

- "Police Chief Josh Gray . . . confirms Ethan Johnson had not reported for work and did not report for work as scheduled on October 31, 2015."

The city attached the deposition of Johnson and the affidavit of Gray to its statement of material facts.

Teebo filed her own statement of material facts, asserting:

- "Ethan Johnson, an employee of the Shenandoah Police Department was driving on his way to work in uniform when he negligently struck Carol Teebo at an intersection one half block from the police station."

- "Ethan Johnson's shift at the police station began at 11:00 p.m. October 31, 2015."

- "The collision occurred at 11:03 p.m. October 31, 2015."

- "Officer Johnson was paid for his 8 hour shift from 11:00 p.m. October 31, 2015 to 7:00 a.m. November 1, 2015."

The city then submitted an affidavit from Kris Grebert, the former chief of police, who stated:

> At the time of the accident [Johnson] had not checked into work and therefore was not on duty . . . . An officer is not on duty unless they punch the time card and check in for work. An officer at the Shenandoah Police Department is not on duty 24 hours a day or on-call because the city would have to pay them to be on duty or on-call and the city does not have the resources.

After holding a hearing, the district court denied the city's motion for summary judgment in a single-sentence order: "Issue remains for finder of fact if Defendant Johnson was on duty as police officer at time of accident." The city filed a motion to enlarge, reconsider, or amend under Iowa Rule of Civil Procedure 1.904(2), and it attached an affidavit from Johnson. The district court overruled the city's motion without any analysis. The city successfully sought interlocutory review.

## II.    Scope and Standard of Review

We review the grant or denial of summary judgment for correction of legal error. *Legg v. W. Bank*, 873 N.W.2d 763, 768 (Iowa 2016). "We examine the record in the light most favorable to the nonmoving party," here Teebo. *See United*

*Suppliers, Inc. v. Hanson*, 876 N.W.2d 765, 772 (Iowa 2016) (citing *Merriam v. Farm Bureau Ins.*, 793 N.W.2d 520, 522 (Iowa 2011)).

Summary judgment is appropriate

if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

Iowa R. Civ. P. 1.981(3); *accord Rucker v. Humboldt Cmty. Sch. Dist.*, 737 N.W.2d 292, 293 (Iowa 2007).

As a preliminary matter, Teebo argues Johnson's affidavit was not presented at the summary judgment hearing and should not be considered on appeal. *See* Iowa R. Civ. P. 1.981(3), (5). The affidavit was submitted with the city's 1.904(2) motion. The city responds that the affidavit reiterates facts already presented with the summary-judgment motion, including Johnson's deposition taken by Teebo. We agree submission of the affidavit was untimely. *See McKee v. Isle of Capri Casinos, Inc.*, 864 N.W.2d 518, 525 (Iowa 2015) ("Generally speaking, a party cannot use a rule 1.904(2) motion to introduce new evidence."). We do not rely on Johnson's affidavit in this appeal.

### III. Analysis

"[U]nder the doctrine of respondeat superior, an employer is liable for the negligence of an employee committed while the employee is acting within the scope of his or her employment." *Godar v. Edwards*, 588 N.W.2d 701, 705 (Iowa 1999) (citing *Jones v. Blair*, 387 N.W.2d 349, 355 (Iowa 1986)). A claim of vicarious liability under the doctrine requires proof of two elements: (1) the existence of an employer/employee relationship and (2) an injury that occurred

within the scope of that employment. *Id.* Here, the employment relationship is not in dispute. The point of disagreement is whether Johnson was acting within the scope of his employment when he struck Teebo with his car.

Generally scope-of-employment questions are for the jury. *Id.* at 706. But "depending on the surrounding facts and circumstances, the question as to whether the act which departs markedly from the employer's business is still within the scope of employment may well be for the court." *Id.* (citing *Sandman v. Hagan,* 154 N.W.2d 113, 118 (Iowa 1967) (deciding question whether employee was acting within scope of employment was properly for court, not jury)).

For an employee's conduct to fall within the scope of employment it must be "of the same general nature" as acts authorized by the employer or incidental to acts authorized by the employer. *Id.* at 705 (citation omitted).[1] Stated another way, "[a]n employee acts within the scope of his employment when the employer has the right to direct the means and manner of doing work, and has the right of

---

[1] The *Godar* court embraced section 229(2) of the Restatement (Second) of Agency (1957), which lists the following factors to be considered in determining whether conduct of an employee may be characterized as occurring within the scope of the employee's employment:

    (a) whether or not the act is one commonly done by such servants;
    (b) the time, place and purpose of the act;
    (c) the previous relations between the master and the servant;
    (d) the extent to which the business of the master is apportioned between different servants;
    (e) whether or not the act is outside the enterprise of the master or, if within the enterprise, has not been entrusted to any servant;
    (f) whether or not the master has reason to expect that such an act will be done;
    (g) the similarity in quality of the act done to the act authorized;
    (h) whether or not the instrumentality by which the harm is done has been furnished by the master to the servant;
    (i) the extent of departure from the normal method of accomplishing an authorized result; and
    (j) whether or not the act is seriously criminal.

*Id.* at 706 (quoting Restatement (Second) of Agency § 229(2)(a)–(j) (Am. Law Inst. 1957)).

control over the employee." *Jones*, 387 N.W.2d at 355 (citing *Volkswagen Iowa City, Inc. v. Scott's Inc.*, 165 N.W.2d 789, 793 (Iowa 1969)). An employee generally is not acting within the scope of employment when commuting to and from work. *Id.* Although commuting is "work-motivated, the element of control is lacking." *Id.* *Jones* held that an employee's receipt of travel reimbursement, without more, did not establish a jury question as to whether the employee was under the control of his employer when he caused an accident while returning home after completing a repair job. *Id.* at 355–56.

The city rests its appeal on *Jones*. Urging the appropriateness of summary judgment, the city contends it "had no right to control the means or route of Johnson's travel, his speed, or that he had to use his own vehicle to go and come from work." The city emphasizes Johnson had not "clocked in" to his work shift and was not performing any act that directly related to his job as a police officer at the time of the accident.

Teebo argues *Jones* can be distinguished because the employee in that case was a repairman who was not authorized to take any actions for his employer at the time of the accident. By contrast, Johnson—as a peace officer—was in uniform and had authority to make an arrest on behalf of the city at any time. *See generally* Iowa Code §§ 804.7, 804.16 (2015). On the issue of time and space, Teebo notes the collision occurred three minutes after the designated start for Teebo's shift and points out Johnson's regular assignment was to patrol the streets of Shenandoah where the accident occurred. Teebo also finds significance in the fact the department paid Johnson for his missed shift. Teebo further contends the

Restatement (Third) of Agency section 7.07 (2006)[2] has expanded the scope of employment for professionals while encompassing the criteria from section 229 of the Restatement (Second) of Agency; Teebo adds, "Law enforcement officers are considered professionals."

Under section 7.07(2),

> An employee acts within the scope of employment when performing work assigned by the employer or engaging in a course of conduct subject to the employer's control. An employee's act is not within the scope of employment when it occurs within an independent course of conduct not intended by the employee to serve any purpose of the employer.

Restatement (Third) of Agency § 7.07(2) (Am. Law Inst. 2006).

Comment (b) to section 7.07 describes the expansion flagged in Teebo's argument:

> The formulation of the scope-of-employment doctrine in subsection (2) differs from its counterparts in Restatement Second, Agency §§ 228 and 229 because it is phrased in more general terms. Under Restatement Second, Agency § 228(1)(b), conduct falls within the scope of employment when it "occurs substantially within the authorized time and space limits." This formulation does not naturally encompass the working circumstances of many managerial and professional employees and others whose work is not so readily cabined by temporal or spatial limitations. Many employees in contemporary workforces interact on an employer's behalf with third parties although the employee is neither situated on the employer's premises nor continuously or exclusively engaged in performing assigned work.

*Id.* § 7.07 cmt. b.

---

[2] Our supreme court cited the Restatement (Third) of Agency, section 7.03 with approval in *Haskenhoff v. Homeland Energy Sols., LLC*, 897 N.W.2d 553, 575 (Iowa 2017) (noting the section "provides that a principal is liable for its own negligence in 'selecting, supervising, or otherwise controlling the agent' in addition to any vicarious liability that may be imposed via the agent's actions").

Contrary to Teebo's suggestion, this new formulation does not automatically place Officer Johnson's negligent acts while commuting within the scope of his employment. Officer Johnson was not interacting with Teebo on behalf of the police department when he struck her with his personal vehicle. Comment (e) discusses peregrinations: "In general, travel required to perform work, such as travel from an employer's office to a job site or from one job site to another, is within the scope of an employee's employment *while traveling to and from work is not*." *Id.* § 7.07 cmt. e (emphasis added). Applying *Jones* and the principles from either Restatement, we conclude Johnson was not acting within the scope of his employment at the time of the accident.

Johnson's status as a peace officer does not change the scope-of-employment calculus under the specific undisputed facts presented to the district court. Johnson's time card and the affidavits of current police chief Gray and former police chief Grebert establish Johnson was not on duty at the time of the accident because he did not clock into his shift on October 31, 2015. According to Chief Grebert's affidavit, Shenandoah police officers are not on duty twenty-four hours a day, but only when they punch in with their time cards. The fact Johnson received pay for his administrative leave after the fact does not change the nature of his acts while commuting to work. Johnson *may* have had authority to act as a peace officer while off duty. *See Long v. Lauffer*, No. 09-1916, 2011 WL 222530, at *7 (Iowa Ct. App. Jan. 20, 2011) (discussing lack of definitive authority whether off-duty officer can discharge his official duties). But he was not being called upon to do so at the time of the accident. Off-duty police officers do not act as government agents in every situation. *See State v. Brown*, 890 N.W.2d 315, 323

(Iowa 2017). His commute was not part of his service to the police department. Johnson was driving a pickup truck he owned when he struck Teebo. His employer had no control over his route or his method of driving. *See Logan v. Phillips*, 891 S.W.2d 542, 544 (Mo. Ct. App. 1995) (holding under doctrine of respondeat superior that city was not liable for wrongful-death action against officer driving from his residence to court to testify on behalf of city).

Under these circumstances, Johnson was not acting within the scope of his employment at the time of the collision and the city was not liable to Teebo under the doctrine of respondeat superior. Accordingly, we reverse the district court's denial of the city's motion for summary judgment and remand the case with instructions to dismiss the city as a defendant.

**REVERSED AND REMANDED WITH INSTRUCTIONS.**